*E-FILED - 12/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AVA LYNNETTE MCDONALD, | ) | No. C 08-5488 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) | |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, WARDEN, | ) ) ) ) | |
| | ) | (Docket No. 13) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction. On April 17, 2009, the court ordered respondent to move to dismiss the petition on the ground that it is untimely or provide notice that such a motion is unwarranted. Respondent filed a motion to dismiss the petition as untimely and unexhausted. Petitioner filed an opposition. Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. § 2244(d)(1).[1]

///

---

[1] Because the petition is dismissed as untimely, the court need not address respondent's exhaustion arguments.

# BACKGROUND

On September 25, 2003, a jury in Alameda County Court convicted petitioner of murder. (Resp't Ex. B at 1.) She was sentenced to 25 years to life in state prison and to a consecutive three year firearm enhancement on March 3, 2004. (Id. at 2, n.1.)

Petitioner appealed on February 11, 2005. (Resp't Ex. A at 1.) On February 16, 2006, the California Court of Appeal affirmed the judgment, and on June 14, 2006, the California Supreme Court denied review. (Id. at Exs. C, E.) Petitioner did not file any state habeas petitions.

On December 8, 2008, petitioner filed a "Petition for Permission to File Late Appeal, Grant Equitable Tolling." On January 7, 2009, petitioner filed the instant petition.

# DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1).

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. Id. Where, as here, the petition challenges a final judgment of the state court, 28 U.S.C. § 2244(d)(1)(A) applies, and the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on

the date the ninety-day period defined by Supreme Court Rule 13 expires.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review).

Here, the California Supreme Court denied review on June 14, 2006.  (Resp't Ex. E.)  The judgment became final on September 12, 2006, 90 days after the California Supreme Court's decision.  Miranda, 292 F.3d at 1065.  The statute of limitations began running the next day, September 13, 2006.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002).  Petitioner's federal habeas petition was due on September 12, 2007, but petitioner filed her petition on January 7, 2009.[2]  (Pet. at 1.)  Thus, absent tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  For example, the statute remains tolled for state prisoners during the intervals between the issuance of a decision in a state collateral proceeding and the filing of a petition seeking the next highest level of state collateral review.  See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).  As applied to California's post-conviction procedure, the Supreme Court held that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 220, 223 (2002).  Here, statutory tolling does not apply because petitioner did not file any state habeas petitions.  Thus, the court must decide whether equitable tolling saves the petition.

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en

---

[2]  Even assuming that she filed her petition on December 8, 2008, the date she filed her request for permission to file a late petition, it would have still been untimely.

1   banc). Equitable tolling will not be available in most cases because extensions of time should be
2   granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to
3   file a petition on time." Id. (citation and internal quotation marks omitted).
4         The Ninth Circuit has held that the petitioner bears the burden of showing that this
5   "extraordinary exclusion" should apply to him. Miranda, 292 F.3d at 1065. The petitioner must
6   establish two elements in order to be granted equitable tolling:
7   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
8   stood in his way." Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544
9   U.S. at 419). That is, the prisoner must show that "the 'extraordinary circumstances' were the
10  cause of his untimeliness," and that he used reasonable diligence in pursuing the matter after the
11  extraordinary circumstances had begun. Spitsyn v. Moore, 345 F.3d 796, 799, 802 (9th Cir.
12  2003) (citations omitted). Failure to do so breaks the chain of causation. Id. Where a prisoner
13  fails to show "any causal connection" between the grounds upon which he asserts a right to
14  equitable tolling and his inability to timely file a federal habeas application, the equitable tolling
15  claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).
16        Petitioner acknowledges that her petition is untimely. (Opp'n at 2.) However, she asserts
17  that she was unable to file a timely petition because (1) state appellate counsel never informed her
18  of the federal deadline; (2) she did not receive personal copies of her legal files until at least six
19  months after the California Supreme Court had affirmed her conviction; (3) she waited to enroll
20  in educational classes in her prison to more effectively prepare her petition;[3] and (4) when she
21  discovered that her parents had died, she was unable to pursue her legal remedies. (Id.)

22  **1.    Appellate Counsel's Failure to Inform Petitioner of the Federal Deadline for Filing Her Petition.**
23
24        Petitioner claims that her petition is late because appellate counsel did not inform her of
25  
---

26    [3] In petitioner's petition for "Permission to File a Late Appeal," she alleges that she could
    not file a timely petition because she had to wait to enroll in educational classes in order to
27  prepare her petition. (Pet. For Permission to File Late Appeal at 2.) However, she does not
28  make this argument in her opposition. Respondent, however, addresses this argument. (Resp't at 5.) As such, the court will also address this argument.

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\McDonald488mtd.wpd     4

the federal filing deadline. (Opp'n at 2.) However, the Sixth Amendment right to counsel does not extend to habeas corpus proceedings. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Further, in noncapital cases, an attorney's miscalculation of the limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)(2); in case where prisoner has no constitutional right to counsel, attorney miscalculation of limitations period not sufficient). Thus, appellate counsel's failure to inform petitioner of the deadline does not amount to an extraordinary circumstance.

The Ninth Circuit has held that a pro se petitioner's inability to access information about the statute of limitations deadline, when combined with the lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided the petitioner acted with due diligence. Roy v. Lampert, 465 F.3d 964, 973-74 (9th Cir. 2006). However, even assuming that appellate counsel's failure to inform petitioner of the deadline is an extraordinary circumstance, petitioner does not show that she diligently pursued her claims. See Roy, 465 F.3d at 973-74; see also Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (where petitioner did not know about AEDPA's statute of limitations, his lack of access to case law interpreting the statute of limitations is not impediment under § 2244(d)(1)(B) because it was petitioner's lack of knowledge of statute of limitations, and not his lack of access to case law, that caused him to delay filing). Petitioner does not show that she could not access information about the deadline or even attempted to do so. Her lack of diligence breaks the chain of causation between the extraordinary circumstance and her failure to file a timely petition. Spitsyn, 345 F.3d at 802. Accordingly, she is not entitled to equitable tolling on this claim. See Gaston, 417 F.3d at 1034-35.

**2.     Receipt of Legal Documents At Least Six Months After the California Supreme Court Denied Review.**

Petitioner contends that she did not receive her legal documents until at least six months after the California Supreme Court denied review. (Opp'n at 2.) However, she cannot show that this is an extraordinary circumstance. See Miranda, 292 F.3d at 1065. Assuming that she

1 received her documents six months after the California Supreme Court denied review, she had
2 nine months remaining to prepare her petition. See Bowen, 188 F.3d at 1159. But petitioner did
3 not file her petition until January 7, 2009, approximately sixteen months after the September 12,
4 2007 deadline. (Pet. at 1.)

     Even assuming that petitioner's allegation is an extraordinary circumstance, she fails to show that she pursued her claims diligently. See Rasberry, 448 F.3d at 1153. Petitioner does not show that she attempted to obtain her legal documents nor does she show that she was denied access to them. Further, she does not show she made any attempts to file her petition from the time she received her legal documents to the time that her petition was due. The court received her first filing on December 8, 2008, in which she asked the court for permission to file a late petition. However, her petition was due on September 12, 2007. See 28 U.S.C. § 2254(d)(1)(A); see also Miranda, 292 F.3d at 1065. She does not allege that she diligently pursued her claims. Because petitioner fails to show a causal connection between the delay in receiving her legal documents and her ability to file a timely petition, she is not entitled to equitable tolling on this claim. See Gaston, 417 F.3d at 1034-35.

**3.      Waiting to Enroll in Educational Classes.**

     Petitioner alleges that she could not file a timely petition because she had to wait to enroll in educational classes. (Opp'n at 2.) The court recognizes that the issue of the "impossibility" of a timely filing of a federal habeas petition may, in some circumstances, involve the confluence of numerous factors beyond the prisoner's control. Lott v. Miller, 304 F.3d 918, 920 (9th Cir. 2002). However, a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. See Rasberry, 448 F.3d at 1154.

     While the court understands that her ability to enroll in classes may have been beyond her control and even assuming that it is an extraordinary circumstance, she does not show how these classes would have helped her pursue her federal claims. Three of the four claims that petitioner raises in her federal petition were raised in her state petition for review. (Pet. at 6.) In the fourth claim, she alleged that she received ineffective assistance of counsel because appellate counsel did not inform her of the deadline for filing a federal petition, withheld the record, and failed to

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\McDonald488mtd.wpd      6

1 raise additional claims on direct appeal.  (Id. at 7.)  However, petitioner did not have to enroll in
2 classes to discover these claims.  As such, she does not demonstrate a sufficient causal connection
3 between her inability to enroll in educational classes and her failure to file a timely petition,
4 and is not entitled to equitable tolling on this claim.  See Gaston, 417 F.3d at 1034-35.

5 **4.      Death of Petitioner's Parents.**

6          Petitioner alleges that she is entitled to tolling because she when she discovered that her
7 mother had passed away on March 18, 2007, she experienced great anxiety and was rendered
8 "mentally, psychologically incompetent and incapable of focusing on [her] legal obligations"; and
9 that when her father had passed away on August 8, 2007, she had to deal with legal issues
10 involving her father's property and financial records.  (Opp'n at 2.)  Although the death of
11 petitioner's parents are unfortunate and beyond her control, a review of the record shows that
12 petitioner had six months from the date she learned of her mother's death and one month from the
13 date she learned of her father's death to file a timely petition.  Petitioner does not show that she
14 was incapable for the entire time nor does she show that she used reasonable diligence in filing
15 the instant petition.  As mentioned earlier, she did not file anything in federal court until
16 December 8, 2008.  Because she does not demonstrate a sufficient causal connection between her
17 parents' deaths, and her failure to file a timely petition, she is not entitled to equitable tolling on
18 this claim.  See Gaston, 417 F.3d at 1034-35.

19          Under all of the circumstances, the court concludes that petitioner has not established facts
20 demonstrating she is entitled to equitable tolling.  Accordingly, the instant petition is barred as
21 untimely under 28 U.S.C. § 2244(d)(1).

22                                            **CONCLUSION**

23          Respondent's motion to dismiss the petition as untimely (docket no. 13) is GRANTED.
24 The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).  The clerk shall terminate
25 all pending motions and close the file.

26          IT IS SO ORDERED.
27 DATED:  12/7/09                               *Ronald M. Whyte*
                                                 _____
28                                               RONALD M. WHYTE
                                                 United States District Judge